UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 22-037-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5: 24-350-DCR |
| V. ) | |
| ) | |
| MARC ANDRE PETITFRERE, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Marc Petitfrere pled guilty on January 31, 2023, to conspiring to distribute methamphetamine and fentanyl, possessing fentanyl with intent to distribute it, possessing methamphetamine and fentanyl with intent to distribute the substances, possessing a firearm in furtherance of a drug trafficking crime, and maintaining a drug-involved premises. [Record No. 97] He was later sentenced to 228 months of imprisonment. [Record No. 141] The United States Court of Appeals for the Sixth Circuit upheld Petitfrere's sentence, on November 21, 2023, despite his contention that it was substantively unreasonable. [Record No. 163-1] Later, on November 21, 2024, Petutfrere tendered this *pro se* motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. [Record No.186]

Consistent with local practice, Petitfrere's § 2255 petition was referred to a United States Magistrate Judge for review and issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Thereafter, United States Magistrate Judge Edward B. Atkins recommended that Petitfrere's motion for habeas relief be denied and that no Certificate

of Appealability be issued. [Record No. 196] Neither party filed timely objections to the R&R.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the undersigned has examined the record and, having made a *de novo* determination, agrees with the Magistrate Judge's recommended disposition.

Petitfrere contends that his counsel was ineffective for failing to preserve the denial of his motion to suppress for appeal or to obtain a conditional appeal, and for failing to request a *Franks* hearing to challenge the search warrant. [Record No. 186] To succeed on these claims, *Strickland* requires that Petitfrere show: (1) deficient performance by counsel and (2) that such "performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Id.* at 689. Therefore, Petitfrere must show that his counsel "made errors so serious that [counsel was] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Regarding prejudice, he must demonstrate that absent counsel's errors, the outcome of his proceedings would have been different. *Id.* at 694–95.

As the Magistrate Judge concluded, Petitfrere's claim of ineffective assistance of counsel fails because he has not alleged any facts suggesting that his attorney's performance was deficient nor shown that he was prejudiced by such performance. [Record No. 196] As

noted in the R&R, Petitfrere does not challenge the knowing and voluntary nature of his plea. *Id.* at 6. Instead, he argues that his counsel was ineffective for not obtaining a conditional plea or otherwise preserving the denial of his motion to suppress for appeal. *Id.* However, he has failed to show that such an appeal would have been resolved in his favor. *Id.* at 6–7.

Next, as the Magistrate Judge correctly noted, Petitfrere's *Franks* hearing argument is unavailing because he has not identified any allegedly false statements in the warrant affidavit. *Id.* at 8. "To mandate an evidentiary hearing, the [defendant]'s attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Rather than offer distinct facts, Petitfrere offers conclusory allegations which are insufficient for relief under Section 2255. *See O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (internal citations omitted).

Finally, the undersigned notes that a Certificate of Appealability may issue only where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the movant to demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Petitfrere has not made a "substantial showing" regarding a denial of his constitutional rights. Further, reasonable jurists would not find this Court's determination on the issues Petitfrere raises debatable.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The United States Magistrate Judge' Edward B. Atkins' Report and Recommendation [Record No. 196] is **ADOPTED** and **INCORPORATED** in full.

2.  Defendant/Movant Petitfrere's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Record No. 186] is **DENIED**.

3.  Defendant/Movant Petitfrere's claims are **DISMISSED**, with prejudice and his collateral proceeding is **STRICKEN** from the docket.

4.  A Certificate of Appealability will not issue.

Dated: March 19, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky